**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **THERAPURE BIOPHARMA INC,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil Action No. RDB-19-2092** |
| **DYNPORT VACCINE COMPANY, LLC,** | * | |
| | * | |
| **Defendant.** | * | |

* * * * * * * * * * * * *

**MEMORANDUM ORDER**

On July 16, 2019, Plaintiff Therapure Biopharma Inc. ("Therapure" or "Plaintiff") filed this lawsuit against DynPort Vaccine Company, LLC. ("DVC" or "Defendant") asserting claims for breach of contract (Count I), quantum meruit (Count II), and unjust enrichment (Counts III and IV). (Amended Complaint, ECF No. 27.) In May 2013, the Parties entered into a Basic Ordering Agreement under which DVC agreed to provide a specific type of paste needed for the development of an FDA-approved product known as Project Bioscavenger. (*Id.* ¶¶ 1, 4.) Therapure's claims stem from DVC's alleged failure to provide the proper paste and issuance of a stop work order in May 2018. (*Id.* ¶¶ 4, 6.) Therapure alleges that DVC failed to adhere to its obligations under their agreement, and as a result, Therapure was damaged by the loss of out-of-pocket costs as well as lost opportunity costs such as the loss of its ability to exercise certain commercial rights to the Bioscavenger product. (*Id.* ¶ 8.)

On September 9, 2019, Defendant DVC filed a Motion to Dismiss (ECF No. 31), which this Court granted in part on June 5, 2020 (ECF No. 37). Specifically, this Court dismissed Counts II, III, and IV, holding that under the applicable state law, where there is an express contract governing a dispute, a plaintiff cannot recover for quasi-contractual claims. (*Id.* at 19.) This Court left pending Therapure's claim for breach of contract under Count I and declined to declare certain damages unrecoverable as requested by DVC. (*Id.* at 21.) DVC now seeks to strike several paragraphs of Therapure's Amended Complaint, arguing that the enumerated allegations bear only on claims that this Court has dismissed and, therefore, are irrelevant to this case, will only invite confusion, and will lead to prejudicial discovery if not stricken. (ECF No. 40-1.)

Federal Rule of Civil Procedure 12(f) provides that "[u]pon motion made by a party . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Nevertheless, the United States Court of Appeals for the Fourth Circuit has noted that Rule 12(f) motions are generally viewed with disfavor "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (internal citations and quotations omitted). Motions to strike under Rule 12(f) "should be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Schultz v. Braga*, 290 F. Supp. 2d 637, 654-55 (D. Md. 2003). Accordingly, "in reviewing motions to strike . . . federal courts have traditionally view[ed] the pleading under attack in a light most favorable to the pleader.'"

*Palmer v. Oakland Farms, Inc.*, No. 5:10-cv00029, 2010 WL 2605179, at *2 (W.D. Va. June 24, 2010) (quoting *Clark v. Milam*, 152 F.R.D. 66, 71 (S.D. W. Va. 1993)).

In its Motion to Strike (ECF No. 40), DVC specifically seeks to strike paragraphs 2, 25, 26, 70, and 80 through 99 in their entirety, and part of paragraphs 8, 34, 66, and 69. (ECF No. 40.) Paragraphs 80 through 99 set forth Therapure's dismissed quantum meruit and unjust enrichment claims. (ECF No. 40-1.) DVC asserts that the other enumerated paragraphs exclusively support the dismissed claims. (*Id.*) For example, paragraphs 8, 34, 66, and 69 include allegations of Therapure's loss of revenue due to its loss of the ability to exercise its commercial rights to the Bioscavenger product, as well as DVC's alleged interference with an agreement to sell Therapure, and DVC claims that such allegations are relevant only to Therapure's dismissed claims for unjust enrichment. (*Id.*) Therapure maintains that these allegations remain relevant to Therapure's remaining breach of contract claim and include critical factual assertions in support of that claim and its theories of damages. (ECF No. 48.)

In *U.S. ex rel. Ackley v. International Business Machines Corp.*, this Court considered the strict standard for granting a motion to strike and held that allegations included in counts dismissed by the Court would not be stricken due to their potential continued relevance to remaining issues such as the underlying intent and motives of the defendant. 110 F. Supp. 2d 395, 406 (D. Md. 2000). In doing so, this Court cited the Fourth Circuit's decision in *Rackley v. Board of Trustees of Orangeburg Regional Hosp.*, in which the Court held that the district court should not have stricken a paragraph in the plaintiff's complaint because "it did not conclusively appear that [the] circumstance was not germane to the claimants' case." 310 F.2d 141, 143 (4th Cir. 1962). In this case, while there remains no dispute regarding the pendency

of the dismissed claims, at this stage this Court cannot "conclusively" determine whether the allegations asserted in support of those dismissed claims are absolutely irrelevant to the remaining claim for breach of contract and the determination of appropriate damages if Therapure is to prevail. Nor does this Court see how allowing such claims to remain in the Amended Complaint may cause prejudice to either of the parties.

For these reasons, this 20th Day of January, 2021, it is HEREBY ORDERED that:

1. Defendant DVC's Motion to Strike (ECF No. 40) is DENIED;
2. The Clerk of the Court shall transmit a copy of this Memorandum Order to counsel of record.

/s/
Richard D. Bennett
United States District Judge