IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| THERAPURE BIOPHARMA INC., <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> DYNPORT VACCINE COMPANY, LLC, <br><br> Defendant/Counter-Plaintiff. | Civil Action No. 19-cv-02092-LKG <br><br> Dated: April 5, 2022 |

# MEMORANDUM OPINION AND ORDER

## BACKGROUND

Therapure Biopharma, Inc. ("Therapure") commenced this breach of contract matter on July 16, 2019. *See* Compl., ECF No. 1. In the amended complaint, Therapure asserts a claim for breach of contract claim against DynPort Vaccine Company, LLC ("DVC") related to a Basic Ordering Agreement ("BOA") executed by the parties in 2013. Am. Compl. at ¶¶ 71-79, ECF No. 27.[1] On June 19, 2020, DVC filed a counterclaim asserting that Therapure also breached the BOA. *See* Countercl., ECF No. 43.

On August 12, 2021, DVC filed a motion for partial summary judgment related to Therapure's breach of contract claim upon several grounds, including that Section H-13 of the BOA bars Therapure from bringing this claim. Def. Mot., ECF No. 135; Def. Mem., ECF No 135-1. On September 14, 2021, Therapure filed a response in opposition to DVC's motion and a cross-motion for summary judgment on several issues, including whether DVC breached the BOA. Pl. Mot., ECF No. 139; Pl. Mem., ECF No. 139-1. On October 13, 2021, DVC filed a response in opposition to Therapure's cross-motion and a reply in support of its motion. Def.

---

[1] The amended complaint also included unjust enrichment and quantum meruit claims, which the Court dismissed on June 5, 2020. *See* Mem. Op. & Order, ECF Nos. 37, 38.

Resp., ECF No. 144.  On November 3, 2021, Therapure filed a reply in support of its motion.  Pl. Reply, ECF No. 148.

On April 4, 2022, the parties participated in a telephonic status conference to discuss whether Section H-13 of the BOA bars Therapure's breach of contract claim.  For the reasons discussed during the telephonic status conference, and set forth below, the Court:  (1) GRANTS DVC's motion for partial summary judgment on the issue of whether Section H-13 of the BOA bars the breach of contract claims in this case; and (2) DENIES-as-MOOT Therapure's motion for summary judgment.

## ANALYSIS

A careful reading of the relevant language in Section H-13 of the BOA shows that this provision bars the breach of contract claims in this case.  Because neither party disputes that the terms of Section H-13 are unambiguous, the Court begins its analysis by considering the plain language of this provision.  *Leitner-Wise v. LWRC Int'l, LLC*, No. 16-2430, 2017 WL 785651, at *7 (D. Md. Feb. 28, 2017), *aff'd*, 711 F. App'x 646 (Fed. Cir. 2018) (citation omitted) (The Court must also "construe a document according to its plain terms if it is clear and unambiguous on its face," without looking for meaning "beyond the instrument itself.").

Section H-13 of the BOA provides as follows:

**H-13 Indemnity**

The Parties agree as between themselves that, during the term of this Agreement, each Party ("the Indemnitor") shall defend, indemnify and hold the other Party harmless from any and all liabilities, settlements, penalties, expense, fines, interest, loss, actions, claims, demands, costs suits or judgements, including court costs and attorney's fees (hereinafter collectively referred to as "Loss"), as a result of a breach of this Agreement or violation of or failure to conform or comply with any applicable statute, treaty, regulation, ordinance or lawful order by the Indemnitor, its directors, employees, agents or subcontractors.  In no event shall either party be liable for any lost profits, lost savings, indirect, incidental, consequential, reliance, exemplary, punitive, or special damages, even if a party has been advised of the possibility of such damages.

The Parties agree to hold each other harmless from any and all liabilities, settlements, penalties, expense, fines, interest, loss, action, claims, demands, costs suits or judgments, including court costs and attorneys' fees arising as a result of any breach or failure of either Party to perform, or any

> of its subcontractors, of their duties, obligations and responsibilities under
> the project.

Def. Ex. 1 at 17.  DVC persuasively argues that the second paragraph of Section H-13 bars the breach of contract claims in this case for several reasons.

First, the heading for this provision, entitled "Indemnity," indicates that the parties intend to hold each other harmless for any loss suffered because of a third party or their own conduct. Notably, Black's Law Dictionary defines the word "indemnify" to mean, among other things, "[t]o reimburse (another) for a loss suffered because of a third party's or one's own act or default; HOLD HARMLESS." *Indemnify*, *Black's Law Dictionary* (11th ed. 2019).  And so, the Court understands the title for Section H-13 to reflect that the parties intend to hold each other harmless for certain losses related to the project addressed in the BOA.  The Court's understanding of this provision is further reinforced by language in the second paragraph of Section H-13 which provides that "[t]he parties agree to hold each other harmless."  Def. Ex. 1 at 17.

Second, the text of Section H-13 also makes clear that the parties' agreement to hold each other harmless applies broadly to "any and all liabilities," including "loss, actions" and "claims." *Id.*  In addition, this provision provides that the types of liabilities covered by Section H-13 are those liabilities "arising as a result of any breach or failure of either Party to perform." *Id.*  And so, the Court reads Section H-13 to expressly address and cover any breach of contract claims arising under the BOA.

The Court is also not persuaded by Therapure's argument that reading Section H-13 to bar the breach of contract claims in this case would create a conflict between this provision and other provisions of the BOA.  In this regard, Therapure argues that the Court's reading of Section H-13 would render meaningless Section H-10 of the BOA, which addresses the procedures for a termination for convenience.  Pl. Resp. at 15.  But, a termination for convenience claim is not a breach of contract claim, which would instead be covered by Section H-13.

Therapure's argument that Section H-12(4) of the BOA would be rendered meaningless by the Court's interpretation of Section H-13 is also not persuasive.  The Court reads Section H-12(4) to address a variety of disputes and legal claims that do not involve a breach of contract claim.  Def. Ex. 1 at 17 (Section H-12(4), providing that "[a]ny dispute arising under this

3

Subcontract that is not covered by items 1 and 2 above and that is not settled by agreement of the Parties shall be decided by DVC,". . . and if the Subcontractor disagrees and provides notice, it may proceed to have the dispute settled through appropriate legal action). And so, the Court similarly does not read Section H-13 to conflict with this provision.

Because the Court interprets Section H-13 to preclude any breach of contract claims involving the parties to the BOA, this provision bars Therapure's breach of contract claim and DVC's breach of contract counterclaim in this case.

## CONCLUSION

And so, for these reasons, and the reasons stated during the April 4, 2022 telephonic status conference, the Court:

1. **GRANTS** DVC's motion for partial summary judgment on the issue of whether Section H-13 of the BOA bars the breach of contract claims in this case; and
2. **DENIES-as-MOOT** Therapure's motion for partial summary judgment.

The parties shall file a joint status report, on or before **May 4, 2022**, stating their respective views on whether the Court should dismiss this matter, or if warranted, on how this matter should proceed.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge