IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| THERAPURE BIOPHARMA INC., ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | Civil Action No. 19-cv-02092-LKG |
| v. ) | |
| ) | Dated: June 3, 2022 |
| DYNPORT VACCINE COMPANY, ) | |
| LLC, ) | |
| ) | |
| Defendant/Counter-Plaintiff. ) | |
| ) | |

## ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION

On April 19, 2022, Therapure Biopharma, Inc. ("Therapure") filed a motion for reconsideration of the Court's April 5, 2022, Memorandum Opinion and Order (the "April 5, 2022, Decision") denying-as-moot Therapure's motion for partial summary judgment and granting Dynport Vaccine Company's ("DVC") motion for partial summary judgment on the issue of whether Section H-13 of the parties' Basic Ordering Agreement (the "BOA") barred the breach of contract claims in this case. Pl. Mot., ECF No. 156; Pl. Mem., ECF No. 156-2; *see also* April 5, 2022, Mem. Op. & Order, ECF No. 154. Therapure's motion is fully briefed. *See* Def. Resp., ECF No. 157; Pl. Reply, ECF No. 161. No hearing is necessary to resolve the motion. *See* L.R. 105.6 (D. Md. 2021). For the reasons that follow, the Court **DENIES** Therapure's motion for reconsideration.

### BACKGROUND

This case involved breach of contract claims asserted by Therapure and DVC related to a BOA executed by the parties in 2013. Am. Compl. at ¶¶ 71-79, ECF No. 27. The case also originally involved unjust enrichment and quantum meruit claims, which the Court dismissed on June 5, 2020. *See* June 5, 2020, Mem. Op. & Order, ECF Nos. 37, 38.

In the April 5, 2022, Decision, the Court held that Section H-13 of the BOA precluded any breach of contract claims involving the parties to the BOA. *See* April 5, 2022, Mem. Op. & Order at 4. And so, the Court denied-as-moot Therapure's motion for partial summary judgment

and granted DVC's motion for partial summary judgment on the issue of whether Section H-13 of the BOA barred the breach of contract claims in this case. *See id.*

Therapure seeks reconsideration of the April 5, 2022, Decision, pursuant to Fed. R. Civ. P. 54(b), upon three grounds: (1) DVC raised a new and misleading argument during the April 4, 2022, status conference regarding the parties' cross-motions for summary judgment; (2) DVC cited new cases during the April 4, 2022, status conference; and (3) the Court interpreted Section H-13 of the BOA in a manner that conflicts with other provisions of the BOA and renders the agreement illusory. Pl. Mem. at 2-11. Alternatively, Therapure requests that the Court allow it to pursue a termination for convenience claim in this case and to revive the unjust enrichment and quantum meruit claims that have previously been dismissed by the Court. *See id*. at 11-12; Pl. Reply at 11-13.

## STANDARDS OF DECISION

Pursuant to Fed. R. Civ. P. 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The United States Court of Appeals for the Fourth Circuit has held that a party may file motions for reconsideration of an interlocutory order under Rule 54(b). *See Fayetteville Investors v. Commercial Builders, Inc*., 936 F.2d 1462, 1469–70 (4th Cir. 1991).

To show that reconsideration is proper under Rule 54(b), a plaintiff must show that: (1) there has been an intervening change in the law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice. *See Cezair v. JPMorgan Chase Bank, N.A*., No. 13-2928, 2014 WL 4955535, at *1 (D. Md. Sept. 30, 2014). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Bellsouth Telesensor v. Info. Sys. & Networks Corp*., 65 F.3d 166 (4th Cir. 1995) (quoting *United States v. United States Gypsum Co*., 333 U.S. 364, 395 (1948)). But, a "factually supported and legally justified" decision does not constitute clear error. *Hutchinson v. Staton*, 994 F.2d 1076, 1081-82 (4th Cir. 1993). Lastly, a motion for reconsideration "is not a license to reargue the merits or present new evidence that was

previously available to the movant." *Carrero v. Farrelly*, 310 F. Supp. 3d 581, 584 (D. Md. 2018) (citation omitted).

## ANALYSIS

Therapure has not met its burden to show that reconsideration of the Court's April 5, 2022, Decision is warranted under Rule 54(b). In its motion for reconsideration, Therapure neither argues that there has been an intervening change in controlling law, nor that there is new evidence that was not previously available to support its request for reconsideration. *See generally* Pl. Mem. Rather, Therapure argues that the Court's April 5, 2022, Decision constitutes clear error, because the Court interpreted Section H-13 of the BOA in a manner that conflicts with other provisions of that agreement. *See id.* at 5-7.

As the Court explained in the April 5, 2022, Decision, a careful reading of Section H-13 of the BOA shows that this provision bars the breach of contract claims in this case. *See* April 5, 2022, Mem. Op. & Order at 2. The Court also explained in the April 5, 2022, Decision that the Court's interpretation of Section H-13 does not conflict with the termination for convenience provision in the BOA, because that provision does not address claims for breach of contract. *See id.* at 3-4. Given this, the Court rejected Therapure's argument that the Court's reading of Section H-13 would render the BOA illusory. *See id.* And so, the Court has previously considered and rejected the arguments that Therapure seeks to re-litigate in its motion for reconsideration. *See Carrero*, 310 F. Supp. 3d at 584.

Lastly, Therapure requests, without any legal support, that the Court allow it to pursue a termination for convenience claim in this case and to revive the unjust enrichment and quantum meruit claims that have previously been dismissed by the Court.[1] Pl. Mem. at 11-12; Pl. Reply at 11-13. Such relief is not appropriate pursuant to Rule 54(b). Fed. R. Civ. P. 54(b); *see also Cezair*, 2014 WL 4955535, at *1. And so, the Court must DENY Therapure's requests.

Because Therapure has not shown that reconsideration of the Court's April 5, 2022, Decision is warranted, the Court DENIES Therapure's motion for reconsideration.

---

[1] As DVC correctly observes in its response in opposition to Therapure's motion, there is no termination for convenience claim in the amended complaint. *See* Def. Resp. at 10; *see generally* Am. Compl.

CONCLUSION

In light of the foregoing, the Court:

1. **DENIES** Therapure's motion for reconsideration;

2. **DISMISSES** the amended complaint and DVC's counterclaim in this action; and

3. **DIRECTS** the Clerk of Court to **CLOSE** this case.[2]

**IT IS SO ORDERED.**

                                      s/ Lydia Kay Griggsby
                                      LYDIA KAY GRIGGSBY
                                      United States District Judge

---

[2] In the April 5, 2022, Decision, the Court directed the parties to file a joint status report on or before May 4, 2022, stating their respective views on whether this matter should be dismissed, given the Court's April 5, 2022, Decision. *See* April 5, 2022, Mem. Op. & Order at 4. On May 4, 2022, the parties submitted a joint status report in which DVC informed the Court that it believed dismissal was appropriate. *See* ECF No. 160 at 5.